1  **QUARLES & BRADLEY LLP**
C. Bradley Vynalek (#020051)
2  Lauren Elliott Stine (#020051)
Kyle T. Orne (# 032438)
3  Renaissance One Two North Central Ave.
Phoenix, AZ 85004-2391
4  Tel: (602)229-5261
brad.vynalek@quarles.com
5  lauren.stine@quarles.com
kyle.orne@quarles.com
6
**JASSY VICK CAROLAN LLP**
7  Duffy Carolan (SBN 154988) (*Pro Hac Vice*)
601 Montgomery Street, Suite 850
8  San Francisco, California  94111
Tel: (415) 539-3399
9  dcarolan@jassyvick.com

10  Jean-Paul Jassy (SBN 205513) (*Pro Hac Vice*)
Kevin L. Vick (SBN 220738) (*Pro Hac Vice*)
11  800 Wilshire Blvd., Suite 800
Los Angeles, California 90017
12  Tel: (310) 870-7048
jpjassy@jassyvick.com
13  kvick@jassyvick.com

14  Attorneys for Defendants
S&P Global Inc., S&P Global Market Intelligence Inc.,
15  Kiah Lau Haslett and Zack Fox

16                    UNITED STATES DISTRICT COURT

17                        DISTRICT OF ARIZONA

18  Justine Hurry, an individual; Scottsdale   )   **Case No.  2:18-cv-01105- PHX-JAT**
Capital Advisors Corp., an Arizona          )
19  corporation                                )
                                            )   **ANSWER OF DEFENDANTS S&P**
20                                             )   **GLOBAL INC., S&P GLOBAL**
                  Plaintiffs,               )   **MARKET INTELLIGENCE INC.,**
21                                             )   **KIAH LAU HASLETT AND ZACH**
                                            )   **FOX**
22  v.                                         )
                                            )   DEMAND FOR JURY TRIAL
23  S&P Global Inc., a New York corporation; )
S&P Global Market Intelligence Inc., a      )   [GO 17-08]
24  New York corporation; Kiah Lau Haslett,  )
an individual; Zach Fox, an individual; and )
25  DOES 1-10, inclusive,                      )
                                            )
26                  Defendants.              )
                                            )
27  _____ )

28

1    Pursuant to Rules 8(b)-(e) of the Federal Rules of Civil Procedure and General Order

2 No. 17-08, Defendants S&P Global Inc., S&P Global Market Intelligence Inc., Kiah Lau

3 Haslett and Zach Fox (collectively "S&P Global") answer the Complaint filed by Plaintiffs

4 Justine Hurry and Scottsdale Capital Advisors Corp. in the Superior Court of the State of

5 Arizona, County of Maricopa (Action No. CV2018-002465) and removed to this Court

6 pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 as follows:

7                                    INTRODUCTION

8    1.    S&P Global is without knowledge or information sufficient to form a belief as to

9 the truth of the allegations set forth in Paragraph 1 of the Complaint, which are therefore

10 deemed denied.

11    2.    S&P Global admits the allegation set forth in Paragraph 2 of the Complaint that

12 on January 23, 2018 an article (titled "Regulator returns investment application to buy Bank

13 of Orrick for a 2nd time") was published by Defendant S&P Global Market Intelligence, Inc.

14 on S&P Global Market Intelligence's website.  The article speaks for itself.   S&P Global

15 denies the allegations set forth in Paragraph 2 that the article contains any false, defamatory

16 or highly misleading statements of and concerning Plaintiffs.   To the extent Plaintiffs'

17 remaining allegations in Paragraph 2 characterizing the article can be deemed statements of

18 law, S&P is not required to answer thereto.  To the extent Plaintiffs' remaining allegations in

19 Paragraph 2 characterizing the article can be deemed statements of fact, S&P Global denies

20 those allegations.

21    3.    Except for those allegations set forth in Paragraph 3 of the Complaint that are

22 deemed to be allegations of law, to which no response is required, S&P Global denies the

23 allegations set forth in Paragraph 3 but admits that prior to publication Defendant Zach Fox

24 attempted to reach out to Ms. Hurry, ultimately communicating via email with her attorney

25 in California.  S&P Global is without knowledge or information sufficient to form a belief as

26 to whether Ms. Hurry was informed of S&P's intent to write a story and on that basis denies

27 this allegation.

28

4.    The allegations in Paragraph 4 of the Complaint are not factual and no response is required.  To the extent a response could be construed as being required, S&P Global denies this allegation.

THE PARTIES

5.    S&P Global is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, which are therefore deemed denied.

6.    S&P Global admits the allegations contained in Paragraph 6 of the Complaint.

7.    S&P Global admits the allegations contained in Paragraph 7 of the Complaint.

8.    S&P Global admits the allegations contained in Paragraph 8 of the Complaint.

9.    S&P Global admits the allegations contained in Paragraph 9 of the Complaint.

10.    S&P Global admits the allegations contained in Paragraph 10 of the Complaint.

11.    S&P Global is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, which are therefore deemed denied.

JURISDICTION AND VENUE

12.    The allegations set forth in Paragraph 12 are not factual and no response is required.  To the extent a response could be construed as being required, S&P denies the allegations set forth in Paragraph 12.

13.    The allegations set forth in Paragraph 13 are not factual and no response is required.

FACTS COMMON TO ALL CAUSES OF ACTION

14.    S&P Global is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, which are therefore deemed denied.

15.    S&P Global is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, which are therefore deemed denied.

16. S&P Global is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, which are therefore deemed denied.

17. S&P Global is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, which are therefore deemed denied.

18. S&P Global admits the allegation in Paragraph 18 of the Complaint that in 2002, Ms. Hurry co-founded SCA, a broker-dealer focusing on serving the microcap securities market. S&P Global is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint, which are therefore deemed denied.

19. S&P Global is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, which are therefore deemed denied.

20. S&P Global admits the allegation in Paragraph 20 of the Complaint that Ms. Hurry's acquisition of an interest in the Bank of Orrick requires regulatory approval by the Federal Deposit Insurance Corp., and that the Bank of Orrick is a Missouri-based bank with two branches. S&P Global is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint, which are therefore deemed denied.

21. S&P Global admits the allegation in Paragraph 21 of the Complaint that Defendant Kiah Lau Haslett sent an email to an attorney for Ms. Hurry, stating: "We are planning on writing a story about [Ms.] Hurry's application [to acquire a stake in the Bank of Orrick] and the fact that her and her husband's [sic] enterprises had run into trouble with both FINRA and the SEC, and want to make sure we reach out to you for comment." The remainder of the allegations in Paragraph 21 characterizing Ms. Haslett's email are denied. The email speaks for itself.

22.   S&P Global admits the allegation in Paragraph 22 of the Complaint that on this same day, Ms. Hurry's counsel (in California) responded to Haslett and requested that Haslett send for review a copy of the proposed story for publication.  The remainder of the allegations in Paragraph 22 characterizing the email are denied.  The email speaks for itself.

23.   S&P Global admits the allegation in Paragraph 23 of the Complaint that on January 18, 2018, Defendant Zach Fox sent an email to Ms. Hurry's counsel (in California), stating that "S&P Global Market Intelligence plans to publish an article regarding Justine Hurry and John Hurry.  The article will reference Ms. Hurry's application to acquire a stake in the Bank of Orrick.  The article will also reference FINRA and SEC enforcement actions against Scottsdale Capital, Alpine Securities, Ms. Hurry and Mr. Hurry."  The remainder of the allegations in Paragraph 23 characterizing the email are denied.  The email speaks for itself.

24.   S&P Global admits the allegation in Paragraph 24 of the Complaint that on January 18, 2018, Ms. Hurry's counsel responded to Fox by requesting that Ms. Hurry be allowed to review any proposed story prior to publication, and that Fox denied this request. S&P Global denies that Ms. Hurry's counsel asked to review the story prior to publication in order to correct the facts.  The remainder of the allegations in Paragraph 24 characterizing the email are denied. The email speaks for itself.

25.   S&P Global admits that on January 18, 2018, Ms. Hurry's counsel sent Fox an email, the content of which are accurately set forth in Paragraph 25.  The remainder of the allegations in Paragraph 25 characterizing the email are denied. The email speaks for itself.

26.   S&P Global denies the allegations in Paragraph 26 of the Complaint that Defendants refused to provide substantive information regarding the proposed story.  The remainder of the allegations in Paragraph 26 characterizing the email exchange are denied. The emails speak for themselves.

27.   S&P Global denies the allegations in Paragraph 27 characterizing the email exchange but admits that the email sent by Ms. Hurry's counsel states, in part, that any

1  statement that Ms. Hurry declined to comment would be false. The remainder of the email

2  speaks for itself.

3      28.   S&P Global admits that on January 23, 2018, an article written by Defendants

4  Haslett and Fox, entitled "Regulator returns investor application to buy Bank of Orrick for

5  2nd time" was published on S&P Global Market Intelligence, Inc.'s website.  S&P Global

6  further admits that Exhibit 1 contains a true and correct copy of the Article.  S&P Global

7  denies the remainder of the allegations in Paragraph 28.

8      29.   S&P Global admits the allegations in Paragraph 29.

9      30.   S&P Global admits the allegations in Paragraph 30.

10     31.   To the extent the allegations in Paragraph 31 contain statements of law, no

11  response is required.  To the extent the allegations in Paragraph 31 are deemed to be

12  statements of fact, S&P Global denies the allegations in Paragraph 31, except admits that

13  Ms. Hurry is seeking to buy an interest in Bank of Orrick.  The remaining allegations in

14  Paragraph 31 characterizing the article are denied.  The article speaks for itself.

15     32.   S&P Global admits that Ms. Hurry's counsel sent a letter that included a request

16  that Defendants remove certain statements from the article, publish a retraction, correction

17  and apology, and that Defendants did not publish a retraction, correction or apology.  The

18  remaining allegations in Paragraph 32 characterizing the letter or Defendants' response

19  thereto is denied.  The letter speaks for itself.

20     33.   To the extent the allegations in Paragraph 33 are not factual, no response is

21  required.  S&P Global is without knowledge or information sufficient to admit the truth of

22  the allegation pertaining to Plaintiffs' economic harm and damage to reputation, which are

23  therefore deemed denied.  To the extent any remaining allegations in Paragraph 33 could be

24  construed as factual, S&P Global denies them.

25
                                  COUNT I
26                                Defamation
                       (All Plaintiff against All Defendants)
27

28     34.   S&P Global reiterates its answers to the above-listed paragraphs as if set forth in

1    full herein.

2        35.   S&P Global admits that Defendant S&P Global Market Intelligence, Inc.

3    published the referenced article, which contain the quoted statements in Paragraph 35 (a)

4    and 35 (b).   To the extent the remaining allegations in Paragraph 35 characterize the

5    statements in the article, S&P Global denies those allegations. The article speaks for itself.

6        36.   S&P Global denies the allegations in Paragraph 36 of the Complaint.

7        37.   S&P Global denies the allegations in Paragraph 37 of the Complaint.

8        38.   S&P Global admits that no retraction, correction or apology to the article has

9    been published.   To the extent the remainder of the allegations in Paragraph 38 could be

10   construed as factual, S&P Global denies them.

11       39.   To the extent the allegations in Paragraph 39 of the Complaint are not factual,

12   no response is required.   To the extent the allegations in Paragraph 38 could be construed as

13   factual, S&P Global denies them.

14       40.   The allegations in Paragraph 40 of the Complaint are legal conclusions to which

15   no response is required.   To the extent a response is required, S&P Global denies the

16   allegations in Paragraph 40.

17       41.   To the extent the allegations in Paragraph 41 of the Complaint are not factual,

18   no response is required.   To the extent the allegations in Paragraph 41 could be construed as

19   factual, S&P Global denies the allegations in Paragraph 41.

20                              COUNT II
                        Invasion of Privacy: False Light
21                     (Ms. Hurry against All Defendants)

22       42.   S&P Global reiterates its answers to the above-listed paragraphs as if set forth in

23   full herein.

24       43.   S&P Global denies the allegations in Paragraph 43 of the Complaint.

25       44.   To the extent the allegations in Paragraph 44 of the Complaint are not factual,

26   no response is required. To the extent the allegations in Paragraph 44 could be construed as

27   factual, S&P Global denies them.

28       45.   S&P Global denies the allegations in Paragraph 45.

46.   The allegations in Paragraph 46 of the Complaint are legal conclusions to which no response is required.   To the extent a response is required, S&P Global denies the allegations in Paragraph 46.

47.   To the extent the allegations in Paragraph 47 of the Complaint are not factual, no response is required.   To the extent the allegations in Paragraph 47 could be construed as factual, S&P Global denies the allegations in Paragraph 47.

48.   S&P Global denies any and all allegations not expressly admitted herein.

AFFIRMATIVE DEFENSES

By alleging the below affirmative defenses, S&P Global is not in any way acknowledging or conceding that it bears the burden of proof on any issue for which the law places the burden of proof on Plaintiffs.

FIRST AFFIRMATIVE DEFENSE

1.   The Court lacks subject matter jurisdiction over each of the named defendants.

SECOND AFFIRMATIVE DEFENSE

2.   Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

THIRD AFFIRMATIVE DEFENSE

3.   Plaintiffs' claims are barred, in whole or in part, because the identified statements in the Complaint are true or substantially true, and as such they are absolutely privileged as a matter of law.

FOURTH AFFIRMATIVE DEFENSE

4.   Plaintiffs' claims are barred, in whole or in part, by the First and Fourteenth Amendments to the U.S. Constitution and by Article II, Section 6 of the Arizona Constitution.

FIFTH AFFIRMATIVE DEFENSE

5.   Plaintiffs' claims are barred, in whole or in part, because the actions allegedly taken by S&P Global were privileged under Arizona law and/or the common law, including,

without limitation, the common interest, public interest or concern and the public records privileges, and Plaintiffs lack the requisite evidence to overcome such privileges.

## SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair comment.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiffs' claims are barred, in whole or in part, by the neutral reportage privilege.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiffs' claims are barred, in whole or in part, because some or all of the allegedly defamatory or false light statements identified in the Complaint do not contain provably false statements of fact, and/or constitute rhetorical hyperbole or subjective statements of opinion, and thus cannot give rise to any claims against S&P Global.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiffs' claims for relief are barred, in whole or in part, because some or all of statements complained of in the Complaint are not defamatory, are not reasonably capable of defamatory meaning or susceptible to a defamatory interpretation, and did not defame or hold any Plaintiff in a false light, and thus cannot give rise to any claim against S&P Global.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiffs' claims for relief are barred, in whole or in part, because some or all of the statements complained of in the Complaint are not "of and concerning" either named plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiffs' claims for relief are barred, in whole or in part, because the alleged statements and/or implication identified in the Complaint were published without the degree of fault required for liability by the First and Fourteenth Amendments to the United States Constitution and Article II, Section 6 of the Arizona Constitution, and thus cannot give rise to any claim against S&P Global.

TWELFTH AFFIRMATIVE DEFENSE

12.   Plaintiffs' claims for relief are barred, in whole or in part, because S&P Global did not act with the requisite knowledge, recklessness, or negligence.

THIRTEENTH AFFIRMATIVE DEFENSE

13.   Plaintiffs' claims for relief are barred, in whole or in part, because the alleged statements set forth in the Complaint involve matters that are newsworthy and/or within the sphere of legitimate public concern and no statement or implication was published with constitutional malice.

FOURTEENTH AFFIRMATIVE DEFENSE

14.   To the extent that Plaintiffs challenge any statement as purported implications, Plaintiffs' claims fail because they cannot show that the implication was intended or endorsed.

FIFTEENTH AFFIRMATIVE DEFENSE

15.   Plaintiffs' claims for relief are barred, in whole or in part, because some or all of the alleged statements and/or implication identified in the Complaint do not show Plaintiffs in a false light that would be highly offensive to a reasonable person, and thus cannot give rise to any claim by Plaintiffs against S&P Global.

SIXTEENTH AFFIRMATIVE DEFENSE

16.   Plaintiffs' false light claim is barred, in whole or in part, because Plaintiffs cannot show a major misrepresentation of Plaintiffs' character, history, activities or beliefs, as opposed to minor or unimportant inaccuracies.

SEVENTEENTH AFFIRMATIVE DEFENSE

17.   Plaintiffs' false light claim is barred, in whole or in part, because Plaintiffs are public figures and the tort of false light invasion of privacy in Arizona may not be maintained by public figures.

EIGHTEENTH AFFIRMATIVE DEFENSE

18.   Plaintiffs false light claim is based on the same allegedly defamatory statements or implication as the defamation claim, and thus is surplussage.

9

## NINETEENTH AFFIRMATIVE DEFENSE

19.  Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs have failed to properly allege libel per se.

## TWENTIETH AFFIRMATIVE DEFENSE

20.  Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs have failed to allege special damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.  Plaintiffs' claims fail because any claimed injury or damages suffered by Plaintiffs, which injury or damages Defendants expressly deny, were proximately or directly caused, in whole or in part, by the actions of others over whom S&P Global had no control, including Plaintiffs themselves.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.  Plaintiffs' Complaint is barred, in whole or in part, by the incremental harm doctrine.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.  Plaintiffs' Complaint is barred, in whole or in part, by the libel-proof plaintiff doctrine.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.  Plaintiffs' claims fail because they failed to mitigate any injury or damages, which injury or damages S&P Global expressly denies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.  Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs' damages, if any, are vague, uncertain, imaginary, and speculative.

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2      27.   Plaintiffs' claims for punitive damages fail because Plaintiffs cannot assert facts

3    sufficient to show either actual malice or ill-will, both of which are required to warrant

4    imposition of punitive damages.

5

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

6      28.   Plaintiffs' claims for damages fail because Plaintiffs cannot assert fact sufficient

7    to show actual malice as required under A.R.S. § 12-653.02.

8

## TWENTY-NINTH AFFIRMATIVE DEFENSE

9      29.   Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of

10    unclean hands on the part of Plaintiffs.

11

## THIRTIETH AFFIRMATIVE DEFENSE

12      30.   Plaintiffs' claims for relief are barred, in whole or in part, by the doctrines of

13    waiver, estoppel, ratification, acquiescence and/or express or implied consent.

14

## THIRTY-FIRST AFFIRMATIVE DEFENSE

15      31.   Plaintiffs' claims for relief are barred, in whole or in part, by the Uniform Single

16    Publication Act.

17

## THIRTY-SECOND AFFIRMATIVE DEFENSE

18      32.   Plaintiffs' claim for presumed damages are unconstitutional under the First and

19    Fourteenth Amendments to the United States Constitution.

20

## THIRTY-THIRD AFFIRMATIVE DEFENSE

21      33.   S&P Global objects to Plaintiffs' inclusion in the definition of Defendant in the

22    Complaint as including fictitiously-named defendants sued as Does 1 through 10 and answer

23    the Complaint only and solely on behalf of named Defendants S&P Global, Inc., S&P

24    Global Market Intelligence, Inc., Kiah Lau Haslett and Zach Fox.

25      S&P Global reserves the right to amend their Answer and Affirmative Defenses to

26    assert such additional defenses as may later become available or apparent to them.

27      WHEREFORE, S&P Global prays for judgment against Plaintiffs, as follows:

28

11

A.   That Plaintiffs' Complaint be dismissed with prejudice, and that Plaintiffs take

nothing by their Complaint;

B.   That S&P Global be awarded its reasonable attorneys' fees and costs; and;

C.   For such other and further relief as the Court, in its inherent discretion, deems

appropriate.

RESPECTFULLY SUBMITTED this 18 day of April, 2018.

JASSY VICK CAROLAN LLP

By: /s/  *Duffy Carolan*
Duffy Carolan
Jean-Paul Jassy
Kevin Vick

QUARLES & BRADLEY LLP
C. Bradley Vynalek
Lauren Elliott Stine
Kyle Orne

Attorneys for Defendants
S&P Global Inc., S&P Global Market
Intelligence Inc., Kiah Lau Haslett, Zach Fox

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on April 18, 2018, I electronically transmitted the attached

3 document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4 Notice of Electronic Filing to the following CM/ECF registrants:

5      Monica Limón-Wynn
       Limón-Wynn Law, PLLC
6      1400 East South Avenue, Suite 915
       Tempe, Arizona 85282-8008
7      Milmon-wynn@mlwlawaz.com

8      Charles J. Harder (Pro Hac Vice)
       Jordan Susman (Pro Hac Vice)
9      Harder LLP
       132 S. Rodeo Drive, Fourth Floor
10     Beverly Hills, CA 90067
       CHarder@harderllp.com
11     JSusman@harderllp.com

12     Attorneys for Plaintiffs

13     Dated: April 18, 2018                    /s/  *Duffy Carolan*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1