# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justine Hurry, et al., | NO. CV-18-01105-PHX-JAT |
| Plaintiffs, | **ORDER SETTING RULE 16 SCHEDULING CONFERENCE** |
| v. | |
| S&P Global Incorporated, et al., | |
| Defendants. | |

**IT IS ORDERED** that pursuant to Rule 16 of the Federal Rules of Civil Procedure a Scheduling Conference is set for **Wednesday, May 30, 2018, at 1:30 p.m.,** Courtroom 503, Fifth Floor, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

## \* \* \* N O T I C E \* \* \*

**IT IS FURTHER ORDERED THAT COUNSEL WHO WILL BE RESPONSIBLE FOR TRIAL OF THE LAWSUIT FOR EACH PARTY SHALL APPEAR AND PARTICIPATE IN THE SCHEDULING CONFERENCE.**

**IT IS FURTHER ORDERED** that Counsel for all parties are directed to Rule 16 of the Federal Rules of Civil Procedure and Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017) for the objectives of the conference.

**IT IS FURTHER ORDERED** that at least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed

**IT IS FURTHER ORDERED** that at the time of the Scheduling Conference, counsel must be prepared to discuss logistical matters and what the parties must prove to prevail on their respective claims or defenses.

**IT IS FURTHER ORDERED** that all parties are directed to meet at least **twenty-one (21) days** before the Scheduling Conference, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure to discuss the following matters and shall develop a **Joint Proposed Case Management Plan** which shall include brief statements or proposals concerning:

   **1.** The nature of the case, setting forth in brief statements the factual and legal basis of plaintiff's claims and defendant's defenses;

   **2.** The jurisdictional basis of the case, citing specific statutes;[1]

   **3.** The parties, if any, which have not been served, as well as any parties which have not filed an answer or other appearance. Unless counsel can otherwise show cause, a proposed form of order shall accompany the <u>Joint</u> Proposed Case Management Plan that dismisses any party which has not been served, <u>including</u> fictitious and unnamed parties;[2]

   **4.** The names of parties not subject to the Court's jurisdiction;

   **5.** Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge for trial, and, if so, whether the parties consent to trial before a Magistrate Judge;

   **6.** The status of related cases pending before other judges of this Court or before other courts;

   **7.** A description of the parties' discussions of the mandatory initial discovery

---

[1] If the basis of jurisdiction is diversity, the jurisdictional basis shall include a statement of the citizenship of every party, including entities. The parties are reminded that a corporation is a citizen of the state where it is incorporated <u>and</u> the state that is its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010). The parties are further reminded that a LLC, like a partnership, is a citizen of every state in which one of its members (or partners) resides. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

[2] Plaintiff shall also move under Federal Rule of Civil Procedure 55 for default against any party who has been timely served and has not timely answered.

responses, including any disputes. *See* Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017) at 4, ¶ 9.

**8.** In lieu of Rule 26(a) initial disclosures, the parties must complete the mandatory initial discovery responses required by Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017) within the deadlines set within that Order.

**9.** Proposed deadlines for:

**a.** filing a motion to amend the pleadings;

**b.** disclosure of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure;

**c.** discovery;[3] and

**d.** filing dispositive motions

**e.** <u>Case specific deadlines</u>: If either party is presenting their case as a class action, the parties shall include a deadline for <u>motions for class certification</u>; if any defendant anticipates raising the defense of qualified immunity, the parties shall include a date by which all <u>motions for dismissal or summary judgment based on qualified immunity</u> will be filed; if either party believes a *Markman* hearing will be necessary, the parties shall include a date for holding the *Markman* hearing.

**10.** Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure;

**11.** The estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

**12.** Whether a jury trial has been requested and whether the request for a jury

---

[3] In preparing the <u>Joint</u> Proposed Case Management Plan, the parties shall suggest their proposed deadlines keeping in mind that the Court will **not** entertain discovery disputes after the close of discovery barring extraordinary circumstances. Therefore, the proposed deadlines shall give sufficient time to **complete** discovery by the deadline (**complete** being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes).

trial is contested. If the request for a jury trial is contested, the <u>Joint</u> Proposed Case Management Plan shall set forth the reasons why a trial by jury is in dispute;

**13.** The prospects for settlement, including (a) any request to have a settlement conference before another United States District Court Judge or a Magistrate Judge, or (b) other request of the Court for assistance in settlement efforts; and

**14.** Modification of pretrial procedures due to the simplicity or complexity of the case, and any other matters which counsel believes will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner (however, the parties cannot opt out of Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017)).

**IT IS FURTHER ORDERED** that counsel shall **jointly file** their Proposed Case Management Plan with the Clerk of the Court **not less than ten (10) days** before the Scheduling Conference. Absent extraordinary circumstances, no extensions of time will be granted.

**IT IS FURTHER ORDERED** that it is the responsibility of Plaintiff(s) to expeditiously initiate the communications necessary to prepare the <u>Joint</u> Proposed Case Management Plan. Once contacted by Plaintiff(s), Defendant(s) shall act in an expeditious manner to effectuate the preparation of the Plan.

**IT IS FURTHER ORDERED** that counsel for all parties are expected to comply with Rule 26 of the Federal Rules of Civil Procedure and Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017) and minimize the expense of discovery.

The Court, after consultation with counsel and the parties, will enter a Rule 16 Scheduling Order concerning, inter alia, discovery and dispositive motions. To the extent that the Court's Rule 16 Scheduling Order differs from the parties' Proposed Case Management Plan, the provisions in the Court's Order shall supersede the parties' Proposed Case Management Plan and shall control the course of this action unless modified by subsequent Order of this Court. The parties and their counsel are all cautioned that the deadlines set forth in the Rule 16 Scheduling Order shall be strictly enforced.

**IT IS FURTHER ORDERED** that counsel review the requirements of Civil Local Rule 7.1, Civil Local Rule 7.2, Rules of Practice of the United States District Court for the District of Arizona, and the Administrative Policies and Procedures Manual with their administrative/support personnel to ensure that all pleadings are in compliance with the Rules.

**IT IS FURTHER ORDERED** that this Court views the Scheduling Conference as critical to its case management responsibilities and the parties' responsibilities under Rule 1 of the Federal Rules of Civil Procedure.

Dated this 18th day of April, 2018.

_____
James A. Teilborg
Senior United States District Judge