# *EXHIBIT A*



# Guide to the Disciplinary Hearing Process

This Guide summarizes some of the rules in the Rule 9100 and Rule 9200 Series of FINRA's Code of Procedure (Code). FINRA's Code, which the Securities and Exchange Commission has approved, contains the rules that govern the disciplinary process. Any person named as a Respondent in a FINRA disciplinary proceeding is entitled to request a hearing. The Code ensures that hearings are conducted in a fair manner, Hearing Panels act impartially and objectively, and cases are concluded as expeditiously as possible. The Code is available on FINRA's website, at www.finra.org/rules.

The purpose of this Guide is to assist the reader in understanding FINRA's disciplinary hearing process. **This Guide is not an interpretation of, or a substitute for reading, the rules in FINRA's Code of Procedure. Nor is this Guide a substitute for legal advice. All participants in FINRA's disciplinary process are encouraged to read FINRA's Code of Procedure in its entirety and consult legal counsel.** This Guide is primarily for pro se respondents and attorneys unfamiliar with practice before FINRA's Office of Hearing Officers.

Questions about proceedings before the Office of Hearing Officers should be directed to the Office of Hearing Officers at (202) 728-8008.

## On this Page

- About the Office of Hearing Officers
- Disciplinary Proceedings
- Commencing Proceedings
- Filing and Service of Papers
- Pre-Hearing Procedures
- Hearing
- Post-Hearing Procedures

## About The Office of Hearing Officers

**Independence**  The Office of Hearing Officers is an independent office of impartial adjudicators who preside over disciplinary cases brought by FINRA's Department of Enforcement. The Office of Hearing Officers maintains strict independence from FINRA's regulatory and enforcement programs, and is physically separated from other FINRA departments. Hearing Officers are not involved in the investigative process. Furthermore, employment protections exist for Hearing Officers to ensure their independence. Only FINRA's

Chief Executive Officer can terminate a Hearing Officer, and the termination can be appealed to the Audit Committee of FINRA's Board of Governors.

**Panel Appointment**  When FINRA's Department of Enforcement determines that violations of FINRA's rules or securities laws may have occurred and that formal disciplinary action is necessary, it files a Complaint with the Office of Hearing Officers. The Office of Hearing Officers arranges a three-person panel to hear the case. The panel is chaired by a Hearing Officer who is an employee of the Office of Hearing Officers. The Chief Hearing Officer appoints two industry panelists, drawn primarily from a pool of current and former securities industry members of FINRA's District and Regional Committees, current and former industry members of FINRA's Market Regulation Committee, former industry members of FINRA's National Adjudicatory Council (NAC), and former industry FINRA Governors. The criteria for the selection of panelists are set forth in Rules 9231 and 9232. See Rules 9231, 9232.

**Hearing Officer Appointment -** The Chief Hearing Officer appoints Hearing Officers to cases in rotation as is practicable.

**Conflicts**  Before a Hearing Officer or industry panelist is appointed to serve on a Hearing Panel, the Office of Hearing Officers evaluates the candidate to ensure that he or she is free of conflicts of interest and that there are no circumstances existing where the candidate's fairness might reasonably be questioned. Following appointment, if a Hearing Officer or an industry panelist learns of a conflict of interest or other circumstance in which his or her fairness might reasonably be questioned, he or she must inform the Chief Hearing Officer and withdraw from the matter.

## Disciplinary Proceedings

FINRA's formal disciplinary actions allege violations by members and associated persons of FINRA's Rules, the federal securities laws and regulations, and the rules of the Municipal Securities Rulemaking Board. FINRA's By-Laws provide that formal disciplinary actions be resolved through the disciplinary hearing process. Enforcement's filing of a Complaint with the Office of Hearing Officers commences a disciplinary proceeding, and the conduct of the proceeding is governed by FINRA's Code of Procedure. See Article XII of FINRA's By-Laws; Rules 9110, 9211.

### Representation

Individuals may appear on their own behalf or be represented by an attorney. A partnership may be represented by a member of the partnership, an attorney, or both. A corporation, trust, or association may be represented by an officer of that corporation, trust, or association, an attorney, or both.

A Respondent who is represented by counsel must advise the Department of Enforcement and the Office of Hearing Officers of the attorney's address, telephone number, and email address. Attorneys must file a notice of appearance with the Office of Hearing Officers. See Rule 9141.

### Ex Parte Communications

The parties to FINRA disciplinary proceedings and their legal representatives may not communicate with a Hearing Officer or panelist regarding the merits of a disciplinary proceeding unless all parties receive prior notice and have the opportunity to participate in the communication. A violation of the rule against ex parte communications may result in remedial action that could adversely affect the violator's claims, defenses, and interests in the proceeding. See Rule 9143.

## Settlement and Mediation

A Respondent may submit to Enforcement a written offer of settlement, without admitting or denying liability, at any time after receipt of notice that a disciplinary proceeding has commenced. All settlement offers must comply with the requirements of Rule 9270, including the requirement to include a statement consenting to findings of fact and violations. A Respondent may not make a frivolous settlement offer or propose a sanction inconsistent with the seriousness of the alleged violation and FINRA's Sanction Guidelines. See Rule 9270. FINRA Sanction Guidelines.

If the Department of Enforcement does not contest an offer of settlement, and the hearing has not yet begun, the offer will be transmitted to FINRA's Office of Disciplinary Affairs (ODA) for acceptance or rejection on behalf of the NAC. Uncontested offers of settlement that are made after the hearing has begun first must be approved by the Hearing Panel before they are sent to ODA. See Rule 9270(e).

All offers of settlement that are contested by the Department of Enforcement first must be approved by the Hearing Panel before they are sent to ODA for acceptance or rejection. If the Hearing Panel rejects an offer of settlement, it is not transmitted to ODA for consideration. See Rule 9270(f).

By submitting an offer of settlement, a Respondent waives his or her right to claim bias or prejudgment by the Chief Hearing Officer, the Hearing Officer, the Hearing Panel, the General Counsel of FINRA, or the NAC based on the consideration or discussion of the offer of settlement. In addition, if the offer of settlement is accepted, the settling Respondent waives any right to a hearing on the allegations of the Complaint, and waives any right of appeal, including the right to contest the validity of the order accepting the settlement. See Rule 9270(d).

The Office of Hearing Officers offers a voluntary and confidential mediation program to assist parties in FINRA disciplinary proceedings to resolve the matter through settlement. If Enforcement consents to discuss settlement, a Respondent may request that the Office of Hearing Officers appoint a mediator at any point in a disciplinary proceeding. http://www.finra.org/industry/office-hearing-officers-mediation-program.

# Commencing Proceedings

### Complaint

A disciplinary proceeding begins when the Department of Enforcement serves the Complaint on the Respondent(s) and files the Complaint with the Office of Hearing Officers. The Complaint identifies the rules allegedly violated and defines the claims to be decided by the Hearing Panel. See Rules 9131, 9211, 9212(a).

### Answer and Affirmative Defenses

An Answer is the document responding to the allegations in the Complaint. Each Respondent must file an original and one copy of his or her Answer with the Office of Hearing Officers, and serve a copy on the Department of Enforcement and all other Respondents in the proceeding. See Rule 9215. See "Service of Papers Other Than the Complaint".

Each Respondent has 25 calendar days from the date the Complaint is served to file an Answer and serve a copy on all of the other parties, pursuant to Rules 9133 and 9134. Requests for additional time to file an Answer must be made by filing a written motion with the Office of Hearing Officers. See Rules See Rule 9215.

The exact date when an Answer must be received by the Office of Hearing Officers may vary depending on how the Department of Enforcement served the Complaint. If Enforcement served a Respondent by personal

service, commercial courier, or express delivery, service is complete upon delivery of the Complaint, and the Answer is due 25 days after receipt. If Enforcement served a Respondent by U.S. Postal Service first-class, certified, or registered mail, three days may be added to the response time, giving Respondent 28 days from the date of mailing to file an Answer. See Rules 9138, 9134(b)(3).

It is important that a Respondent file an Answer to the Complaint within the time allowed because a failure to file could result in a default decision. If a Respondent fails to file an Answer to the First Notice of Complaint within the required time, he or she will be sent a Second Notice of Complaint requiring an Answer within 14 calendar days. If a Respondent fails to file an Answer within the time required by the second notice, the Hearing Officer may find the Respondent to be in default and treat the allegations in the Complaint as admitted. If this occurs, the Hearing Officer will issue a default decision against the defaulting Respondent, find that he or she committed the violations alleged, and impose sanctions, possibly including a fine, a suspension, and a bar from the industry. See Rules 9215(f), 9269.

An Answer must specifically admit, deny, or state that the Respondent does not have enough information to admit or deny each allegation in the Complaint. If a Respondent denies only part of an allegation, he or she must specify which part is admitted and deny only the remainder. An Answer also must state all of a Respondent's affirmative defenses. An affirmative defense is an assertion that constitutes a defense to all or a portion of the Complaint, assuming the facts alleged in the Complaint are true. In other words, an affirmative defense attacks the legal grounds for the Complaint, not the truth of the claim. Affirmative defenses omitted from a Respondent's Answer will not be considered in the proceeding.  See Rule 9215(b).

In addition, a Respondent may file with his or her Answer a motion for a more definite statement of specified matters of fact or law to be considered or determined. The motion must state the basis for requesting more detail about the allegations in the Complaint. See Rule 9215(c).

## Amendments to Answer and Affirmative Defenses

The Complaint may be amended during the course of the proceedings. If the Complaint is amended, the Respondent must file and serve an Amended Answer. See Rules 9212(b), 9215(e). Otherwise, once an Answer is filed, a Respondent can amend an Answer only with the permission of the Hearing Officer (unless an Amended Complaint has been filed). To obtain permission to amend an Answer, a Respondent must file a written motion with the Office of Hearing Officers and demonstrate good cause for amending. Generally, a Hearing Officer will not grant permission to amend an Answer if another party would be unfairly prejudiced by the proposed amendment. See Rule 9215(d).

## Request for Hearing

Each Respondent has the right to request a hearing on the allegations in the Complaint. **A Respondent's request for a hearing must be included in the Respondent's Answer.** In an Answer, a Respondent also may propose an appropriate hearing location. See Rule 9221. Additionally, regardless of whether a Respondent requests a hearing, a Hearing Officer may order the parties to participate in a hearing.

If the Complaint charges a violation relating to the quotation of securities, the execution of transactions, the reporting of transactions, or other trading practices specified in Rule 9120(u), the Respondent may propose that at least one panelist be a current or former member of the Market Regulation Committee. See Rules 9221(a), 9231.

If the Respondent does not request a hearing, and a hearing is not otherwise ordered, the Hearing Officer will establish a date for the parties to submit additional documentation for the Hearing Panel to consider. The

Hearing Panel will issue a decision in the disciplinary proceeding based on the documents admitted into evidence.

## Filing and Service of Papers

### Filing Procedure

All papers required to be filed in a disciplinary proceeding must be filed with the Office of Hearing Officers. There are two methods of filing with the Office of Hearing Officers: (1) first-class mailing to: FINRA Office of Hearing Officers, 1735 K Street, N.W., Washington, DC 20006; or (2) emailing a .pdf file to: OHOCaseFilings@finra.org.  See Rule 9135(a), (b). Unless otherwise ordered, a signed original and one copy of all papers must be filed with the Office of Hearing Officers, and all filings must be accompanied by a certificate of service (discussed below).  See Rules 9135(c), 9136(c), 9137.

Papers that are required to be filed with the Office of Hearing Officers by an established deadline are deemed timely filed if **received** by the Office of Hearing Officers on or before the specified due date. See Rule 9135(a).

### Form of Papers

FINRA's Code of Procedure contains specific requirements that must be observed for papers filed with the Office of Hearing Officers, including the requirement that all submissions be signed. See Rules 9136, 9137. Signing a filing certifies that the filing complies with the requirements in Rule 9137. If a filing is not signed, the filing may be rejected and not considered. See Rule 9137(b).

### Service of Complaint

A Complaint may be served on a Respondent in any one of the following three ways: (1) personal service; (2) U.S. Postal Service first-class certified mail, or Express Mail; or (3) a commercial courier service that generates a written confirmation of receipt or attempts at delivery. Personal service and service by commercial courier or express delivery are complete upon delivery, and the Answer is due 25 days later. Service by mail is complete upon mailing, and the Answer is due 28 days after mailing.  See Rules 9131, 9134.

### Service of Papers Other Than the Complaint

Throughout the proceeding, the parties (the Department of Enforcement and all Respondents) are required to "serve" papers on each other. "Service" is the act of providing copies of the papers to all of the other parties in the proceeding. FINRA's Rules include specific requirements regarding service of papers. The parties must comply with these requirements each time they serve papers. Personal service and service by commercial courier or express delivery are complete upon delivery. Service by first-class mail is complete upon mailing. See Rules 9130, 9133, 9134.

Unless otherwise directed by the Hearing Officer or agreed by the parties, all papers other than the Complaint may be served in any of the following ways: (1) personal service; (2) first-class mail, first-class certified mail, first-class registered mail, or Express Mail through the U.S. Postal Service; (3) a commercial courier service that generates a written confirmation of receipt or attempts at delivery; or (4) electronic mail. See Rule 9134.

### Certificate of Service

Whenever one party serves papers on the other parties in a proceeding, he or she must file a Certificate of Service with the Office of Hearing Officers. A Certificate of Service is a signed page that identifies the

documents that are being served, the name of each person served, the date on which service was made, the method of service used, and if service is not being made in person, the address at which service is made. If different methods of service are used for different parties, the Certificate of Service must also state the reason different methods of service were used. The Certificate of Service must be signed by the person who caused the service to be made and attached to each copy of the papers that were served. See Rule 9135(c).

### Addresses for Service

The address for service on the Department of Enforcement is stated in the Complaint; the address for service on other Respondents (if any) is governed by FINRA Rule 9134. If an individual Respondent is represented by an attorney or a member firm Respondent is represented by an attorney or representative, the attorney or representative must be served with all papers. See Rules 9132(c), 9133(d), 9134, 9141.

## Pre-Hearing Procedures

### Scheduling

Unless the Hearing Officer determines that it is unnecessary or premature, an initial pre-hearing conference shall be held within 21 days after an Answer is served, or, if there are multiple Respondents, within 21 days after service of the last timely Answer. See below "Pre-Hearing Conferences and Submissions". At the conclusion of the initial pre-hearing conference, the Hearing Officer will issue a Scheduling Order. The Scheduling Order is a comprehensive order issued by the Hearing Officer setting a date for the hearing and dates for the submission of pre-hearing materials. See Rule 9241. **It is imperative that the parties carefully read the Scheduling Order, because it establishes important deadlines and provides helpful guidance as to the course of the proceeding.** See Model Scheduling Order.

When a hearing date is set, the Hearing Officer will also serve a notice on all parties stating the date, time, and place of the hearing. See Rule 9221(d).

### Discovery of Documents

Unless limited by the Hearing Officer or the Rules, each Respondent is entitled to inspect and copy Documents prepared or obtained by "Interested FINRA Staff" in connection with the investigation that led to the proceeding. The term "Document" includes writings and any other physical thing, such as a photograph or data stored by computer. Rule 9251(a) lists typical Documents that may be produced for inspection and copying. The term "Interested FINRA Staff" is defined in Rule 9120(t). See Rules 9120(h), 9120(t), 9251(a).

The Department of Enforcement is obligated to begin making discoverable Documents available to a Respondent no later than 21 days after service of his or her Answer or, if there are multiple respondents, no later than 21 days after service of the last timely Answer.

A Respondent may also request copies of these Documents. A Respondent who has requested copies will be responsible for the copying costs, at a rate to be established by FINRA staff, unless otherwise ordered by the Hearing Officer. See Rules 9251(d), 9251(f).

Not all Documents prepared or obtained by the Department of Enforcement during an investigation are subject to production. Generally, the Department of Enforcement may withhold Documents that: (1) are privileged or constitute attorney work product; (2) were prepared by a FINRA employee but will not be offered in evidence in the disciplinary proceeding; or (3) may disclose a technique or guideline used in examinations, investigations, or enforcement proceedings; or disclose the identity of a confidential source. See Rule 9251(b).

If the Department of Enforcement fails to make available all of the Documents to which a Respondent is entitled, pursuant to Rule 9251, a Respondent may file a motion asking the Hearing Officer to order the Department of Enforcement to disclose the Documents. A Hearing Officer may order Enforcement to disclose additional Documents if he or she finds that Enforcement's nondisclosure was not justified.

### Modification of Deadlines and Schedule

During the pendency of the proceeding, a party may request that a deadline be extended. A request to extend a deadline must be made by filing with the Office of Hearing Officers a written motion stating the reason for the request and demonstrating good cause for an extension. The requesting party must provide notice of the request to all other parties to the proceeding. Generally, postponements, adjournments, or extensions of time for filing documents may not exceed 28 days unless the Hearing Officer finds that a longer period is necessary. See Rule 9222.

### Motions

A "motion" is a request to obtain from the Hearing Officer a ruling or order about some aspect of the proceeding. Motions may be made orally or in writing, but the Hearing Officer may require that an oral motion be set forth in writing. All motions must state the specific relief requested, along with the basis for the request. A party may file a written response opposing a motion. In some cases, the Hearing Officer may allow oral argument in favor of and in opposition to a motion. All motions, responses, and supporting briefs must comply with the requirements of the Code of Procedure. See Rules 9133-9137, 9146.

### Motion for Summary Disposition

A motion for summary disposition is a request by a party for the Hearing Officer to dispose of one or all of the allegations or causes of action in a Complain without a hearing. The Hearing Officer may grant a motion for summary disposition if there is no genuine issue in dispute with regard to any material fact, and the issues may be decided as a matter of law. See Rule 9264.

A party may file a pre-hearing motion for summary disposition after Respondents have filed their Answers and the Department of Enforcement has made its investigatory file available for inspection and copying pursuant to Rule 9251. Unless an earlier time is ordered by the Hearing Officer, pre-hearing motions for summary disposition must be filed at least 21 days before the hearing, and any opposition or response must be filed at least seven days before the hearing. See Rule 9264(a).

Once a hearing on the merits has begun, a motion for summary disposition may only be filed with the prior permission of the Hearing Officer. See Rule 9264(b).

Unless otherwise directed by the Hearing Officer, a motion for summary disposition must be accompanied by: (1) a statement of undisputed facts; (2) a supporting memorandum, not longer than 35 pages, addressing the legal authority upon which the moving party relies; and (3) affidavits or declarations setting forth the admissible facts upon which the moving party relies. See Rule 9264(d).

### Requests for Information–Rule 9252

Subject to the limitations explained in Rule 9252, a Respondent may request that FINRA use Rule 8210 to compel the production of documents or testimony at the hearing from persons over whom FINRA has jurisdiction. Such requests must be made in writing no later than 21 days before the scheduled hearing date. At a minimum, the motion must: (1) describe with specificity the documents, including their category or type, or testimony requested; (2) state why they are material to the proceeding; (3) describe the Respondent's efforts

to obtain the documents or testimony by other means; and (4) state whether each proposed witness and the custodian of each requested document is subject to FINRA's jurisdiction. See Rule 9252.

### Production of Witness Statements–Rule 9253

A Respondent may file a written motion with the Office of Hearing Officers requesting that the Department of Enforcement produce for inspection and copying pertinent written statements of witnesses whom the Department of Enforcement is expected to call to testify in the proceeding. Discoverable statements are limited to those that the Hearing Officer finds pertain to the witness' anticipated testimony and which are stenographic, mechanical, electrical, other recordings, or a transcription thereof, and which are substantially verbatim recitals of oral statements made by the witness and recorded contemporaneously with the making of the oral statements. See Rule 9253.

### Pre-Hearing Conferences and Submissions

The Hearing Officer will hold an initial pre-hearing conference and may hold one or more additional pre-hearing conferences. The purpose of a pre-hearing conferences is to focus the proceeding and establish procedures to manage the proceeding efficiently. For example, the following subjects may be addressed during a pre-hearing conference: (1) the simplification and clarification of issues; (2) the exchange of witness and exhibit lists; (3) the exchange of exhibits; (4) stipulations, admissions of fact, and stipulations concerning the content, authenticity, or admissibility of exhibits; (5) the production of documents and witness statements; (6) the filing and service of papers by the parties; (7) the scheduling of the filing and exchange of pre-hearing motions and briefs; (8) the scheduling of a hearing; (9) amendments to the Complaint or Answer(s); (10) the designation of relevant portions of transcripts from investigative testimony or other proceedings and the inclusion of an index for such testimony; and (11) the consideration of matters which may be admitted into evidence by Official Notice (which is described in Rule 9145(b)). In addition, the Hearing Officer may request argument on pending motions and consider other matters that may help in managing the proceeding. A party may request a pre-hearing conference by filing a written motion with the Office of Hearing Officers. See Rule 9241.

The Hearing Officer will require the parties to exchange and file pre-hearing submissions. At a minimum, the pre-hearing submissions must include: (1) a narrative summary of Enforcement's theory of the case and the Respondent's defenses; (2) the legal theories upon which each party intends to rely at the hearing; (3) lists and copies of documents that each party intends to present at the hearing; and (4) lists of witnesses that each party expects to call with a summary of each witness' expected testimony. If the Hearing Officer has granted a party leave to present expert testimony, he or she must also include in the pre-hearing submissions a list of experts he or she expects to call, with a statement of each expert's qualifications, prior experience, and publications, and copies of each expert's publications that are not readily available. See Rule 9242(a).

### Failure to Appear at Pre-Hearing Conferences

Any party who fails to participate in person or through a representative in a scheduled pre-hearing conference may be held in default. If a the Hearing Officer finds a party is in default, he or she will deem admitted the allegations in the Complaint, find that the defaulting party committed the violations alleged, and impose sanctions. In addition, the Hearing Officer may order a defaulting Respondent to pay the costs incurred by the other parties in connection with their appearance at the pre-hearing conference.  See Rules 9241(f), 9269.

## Hearing

The hearing provides a Respondent with the opportunity to present the evidence and arguments supporting his or her defenses to the allegations in the Complaint.

## Presentation of Evidence

At a hearing, each party presents its case by submitting relevant documents and the testimony of witnesses. An oath or affirmation is administered to each witness, and testimony is elicited by asking questions. Each witness may be questioned by the other parties, the Hearing Officer, and the panelists. See Rules 9261, 9262, 9263.

The Hearing Officer will allow the presentation of evidence and arguments that are relevant and material to the disputed issues, but may exclude all offered evidence that is irrelevant, immaterial, unduly repetitious, or unduly prejudicial. Formal rules of evidence do not apply in FINRA proceedings, but the Hearing Officer may look to the Federal Rules of Evidence as a guide in making evidentiary rulings. If a party objects to evidence offered by another party, he or she must succinctly state the grounds for the objection on the record. See Rule 9263.

## Transcript of Hearing

All FINRA disciplinary hearings are recorded and transcribed by a court reporter. Unless otherwise ordered by the Hearing Officer, pre-hearing conferences are also recorded and transcribed by a court reporter. A Respondent may purchase a transcript of any recorded hearing or pre-hearing conference from the court reporter. In addition, a witness may purchase a transcript of his or her own testimony from the court reporter. See Rule 9265.

A party or witness may seek to correct his or her recorded testimony prior to the filing of post-hearing submissions or within such shorter time as set by the Hearing Officer. Proposed corrections of the transcript must be submitted to the Hearing Officer by affidavit. The affidavit should inform the Hearing Officer whether or not other parties to the proceeding agree with the proposed corrections. After notice to all parties, the Hearing Officer may order corrections to the transcript. See Rule 9265(c).

## Failure to Appear at Hearing

**If a Respondent fails to appear at a hearing, he or she may be found to be in default**. As a consequence, the Hearing Officer may deem admitted the allegations of the Complaint and enter a default decision against the defaulting Respondent. In addition, the Hearing Officer may impose sanctions and order the Respondent to pay the costs incurred by the other parties in connection with their appearance at the hearing. See Rule 9269.

# Post-Hearing Procedures

## Post-Hearing Submissions

Following the hearing, the Hearing Officer may require the parties to file proposed findings of fact and conclusions of law, and post-hearing briefs. All post-hearing submissions must be supported by specific references to the record of the proceeding. Unless the Hearing Officer orders otherwise, post-hearing submissions shall be filed no later than 60 days after the conclusion of the hearing and shall not exceed 25 pages in length, exclusive of cover sheets, tables of contents, and tables of authorities. See Rule 9266.

## Decision

The Hearing Panel will issue a written decision after the hearing has concluded and post-hearing submissions, if any, have been filed. The decision is determined by majority vote of the Hearing Panel. Any member of the Hearing Panel may dissent from the decision of the majority and issue a separate, dissenting opinion. See Rule 9268.

The Office of Hearing Officers will serve a copy of the decision on the parties, publish notice of the decision in the Central Registration Depository, and send a copy of the decision to each member of FINRA with which an individual Respondent is associated. See Rule 9268(d).

The decision of the Hearing Panel becomes final if a party does not timely appeal the decision and the NAC does not timely call the decision for review.  See Rule 9268(e).

## Appeal

Any Respondent or the Department of Enforcement may appeal a Hearing Panel decision to the NAC, pursuant to Rule 9311. In addition, the NAC may call a Hearing Panel decision for review on its own motion, pursuant to Rule 9312.

To appeal, a Respondent must file a written notice of appeal with the Office of Hearing Officers and serve a copy of the notice on all other parties. The notice of appeal must be filed within 25 days after the Respondent is served with a copy of the decision. See Rule 9311.

The FINRA Rule 9300 Series establishes formal requirements for the notice of appeal. A Respondent's failure to meet the requirements may result in a loss of the right to appeal and have the Hearing Panel decision reviewed. These requirements and the procedures governing the appeal process are beyond the scope of this Guide. **To preserve the right to appeal, Respondents should carefully read and follow the requirements for appeal in the Rule 9300 Series in FINRA's Code of Procedure.**  See Rule 9300 Series.

Sitemap | Privacy | Legal

©2018 FINRA. All rights reserved.