**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justine Hurry, et al., | No. CV-18-01105-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| S&P Global Incorporated, et al., | |
| Defendants. | |

Pending before this Court is Defendants' motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). Generally, a court cannot consider matters outside the pleadings in deciding a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d).

Defendants attached 11 exhibits to the motion totaling just under 350 pages. (Doc. 8). Defendants make no argument on a document by document basis for why it would be appropriate in this case for the Court to consider evidence on a motion filed under Rule 12(b)(6). For example, Defendants refer to the documents as "public records" but do not state exactly which documents are in the public record. (Doc. 8 at 9). Further, footnote 2 seeks to have this Court take judicial notice of the record in another case in this Court, but most of the exhibits do not come from this Court. (Doc. 8 at 4). Finally, footnote 3 says the Court "may" take judicial notice of "specific" FINRA and SEC enforcement actions, but makes no factual allegation as to which exhibits fall into this category and makes no legal argument as to when the Court "should" take such notice.

In response, Plaintiffs object to the Court considering matters outside the

pleadings on a Rule 12(b)(6) motion. (Doc. 12 at 9). First, Plaintiffs argue that none of these documents are referenced or incorporated in the complaint. (*Id*.). Next, Plaintiffs specifically argue against taking judicial notice of one of the documents. (*Id*.). While Plaintiffs appear to generally argue against the Court considering any of these documents, Plaintiffs do not directly reference the other 10 exhibits.

In Reply, Defendants state,

> S&P Global asks the Court to take judicial notice of official FINRA and SEC records (as well as Plaintiffs' own complaint in another action before this Court). The complaint and incorporated news article, [footnote 2: As an attachment to the complaint, this article is incorporated into the complaint "for all purposes." Fed. R. Civ. Proc. 10(c). The article specifically references these SEC and FINRA records.] are replete with references to the FINRA and SEC proceedings, and Plaintiffs' claim that S&P Global published false statements about these proceedings necessarily relies on these records. Even if they hadn't been referenced in the complaint, they are judicially noticeable as official records. *See MGIC Indem Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of documents filed in another action).

(Doc. 13 at 3).

Thus, Defendants appear to make two arguments. First, Defendants make the legal argument that if an article is incorporated into a complaint, all documents referenced in that article are incorporated in the complaint. (This argument subsumes the factual argument that these documents were actually referenced in the article.) Second, Defendants make the legal argument that all the documents can be considered by judicial notice as "official records." (This argument subsumes the factual argument that all attached exhibits are official records.) As the quote above indicates, Defendants cite nothing that would support these two broad legal conclusions; namely: that the Court can take judicial notice of all "official records" and that all documents referenced in a document attached to the complaint become incorporated in the complaint.[1]

The Court has reviewed the motion, response and reply and has determined that whether these documents may be considered is critical to deciding the motion. On this record, neither party has satisfied the Court that the documents are, or are not,

---

[1] Defendants also attach evidence to their reply, which would not be permissible even if this was a Rule 56 motion. *See* L.R.Civ. 56.1(b).

- 2 -

permissible exceptions to the general rule of exclusion required under Federal Rule of Civil Procedure 12(d). Because the burden is on the movant, the motion will be denied, without prejudice. Defendants may refile the motion either as a motion under Federal Rule of Civil Procedure 56,[2] or under Federal Rule of Civil Procedure 12(c) if they can do so in compliance with Federal Rule of Civil Procedure 12(d).

Based on the foregoing,

**IT IS ORDERED** that the motion to dismiss (Doc. 8) is denied, without prejudice.

Dated this 13th day of June, 2018.

James A. Teilborg
Senior United States District Judge

---

[2] Nothing in this Order permits more than one motion for summary judgment.