1  **QUARLES & BRADY LLP**
C. Bradley Vynalek (#020051)
2  Lauren Elliott Stine (#025083)
Kyle T. Orne (#032438)
3  Renaissance One
Two North Central Ave.
4  Phoenix, AZ 85004-2391
Tel: (602) 229-5200
5  brad.vynalek@quarles.com
lauren.stine@quarles.com
6  Kyle.orne@quarles.com

7  **JASSY VICK CAROLAN LLP**
Duffy Carolan (SBN 154988) (*Pro Hac Vice*)
8  601 Montgomery Street, Suite 850
San Francisco, California 94111
9  Tel: (415) 539-3399
dcarolan@jassyvick.com
10
Jean-Paul Jassy (SBN 205513) (*Pro Hac Vice*)
11 Kevin L. Vick (SBN 220738) (*Pro Hac Vice*)
800 Wilshire Blvd., Suite 800
12 Los Angeles, California 90017
Tel: (310) 870-7048
13 jpjassy@jassyvick.com
kvick@jassyvick.com
14
Attorneys for Defendants S&P Global Inc., S&P Global Market
15 Intelligence Inc., Kiah Lau Haslett and Zach Fox

16              IN THE UNITED STATES DISTRICT COURT

17                     DISTRICT OF ARIZONA

| | |
|---|---|
| Justine Hurry, an individual; Scottsdale Capital Advisors Corp., an Arizona corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>S&P Global Inc., a New York corporation; S&P Global Market Intelligence Inc., a Delaware corporation; Kiah Lau Haslett, an individual; Zach Fox, an individual; and Does 1-10, inclusive,<br><br>Defendants. | NO. 2:18-cv-01105-JAT<br><br>(Formerly Maricopa County Superior Court Case No. CV2018-002465<br><br>**[PROPOSED] PROTECTIVE ORDER** |

The Court having reviewed the parties' Stipulated Motion for Entry of Protective Order, and good cause shown**,**

QB\167469.00001\53089419.1

**IT IS HEREBY ORDERED** pursuant to Rule 26(c) Federal Rules of Civil Procedure that the following procedures shall apply to confidential documents and information produced or disclosed by the parties in this case:

### PROCEDURE AND DEFINITIONS

**1.   CONFIDENTIAL INFORMATION**

The Parties may designate as "Confidential," by stamping or other appropriate means, any document or information produced or exchanged in accordance with the Federal Rules of Civil Procedure or by agreement (including, without limitation, documents and other things produced in response to mandatory initial disclosures, discovery requests, deposition testimony and exhibits, pleadings, motions, briefs, affidavits, declarations and any other discovery and disclosure made in this litigation) that contains sensitive editorial or commercial information, proprietary information, and/or other information treated as confidential by that party in its business operations (collectively, "Confidential Information").  Confidential Information is also specifically intended to include information informally produced, shown or made available for review by the parties or their counsel.

**2.   ACCESS TO CONFIDENTIAL INFORMATION**

Confidential Information so designated, and information derived therefrom, shall not be disclosed, made available to, or used by anyone except the persons specified below, and by these persons solely for purposes of this litigation and not for any business or other purpose.

   a.   Upon compliance with paragraph 5 of this Protective Order, individual parties and officers, directors, agents and employees of the parties, to whom the disclosure of Confidential Information is necessary for purposes of this litigation;

   b.   Counsel of record to the parties to this action, and the members and employees of the law firms of counsel of record, and organizations retained by counsel to provide litigation support services in this action and the employees of those organizations to whom disclosure of Confidential Information is necessary for purposes of this

litigation;

    c.    In-house counsel and associated legal personnel, such as paralegals, legal assistants, and administrative assistants for the parties;

    d.    The Court and its personnel in any proceedings in this lawsuit;

    e.    Upon compliance with paragraph 5 of this Protective Order, experts and consultants retained by any of the parties to whom the disclosure of Confidential Information is necessary for purpose of this litigation;

    f.    Third-party court reporting services, persons or entities engaged to prepare graphic or visual aids, and document duplicating, handling or imaging services;

    g.    Any person who was involved in the preparation of the document or who lawfully received or reviewed it prior to its production or disclosure in this action;

    h.    Any third-party mediator jointly selected by the parties or appointed by the Court; and

    i.    Upon compliance with paragraph 5 of this Protective Order, any other person to whom disclosure of Confidential Information is necessary for purposes of this litigation, with the express written consent of the parties or by an order of the Court permitting such disclosure.

**3.    TIME FOR MAKING CONFIDENTIAL DESIGNATIONS**

Designation of material as "Confidential" should be done before it is produced.

Inadvertent failure to designate discovery material at the time of production may be remedied by providing supplemental written notice within ten (10) days after the producing party first learns that it had inadvertently failed to designate such material. If such notice is given, the identified materials shall thereafter be fully subject to this Protective Order as if they initially had been designated as "Confidential," but there shall be no sanction for any use or disclosure of such material prior to its designation. The inadvertent disclosure shall not be deemed a waiver, in whole or in part, of the claim of confidentiality.

With respect to depositions, the parties either may state on the record that the

testimony is "Confidential" or may advise opposing counsel of the specific pages to be maintained in confidence within thirty (30) calendar days after receipt of the transcript of the deposition.  Until the expiration of the 30-day period, the entire transcript and its exhibits will be treated as "Confidential."  Unless designated in accordance with this paragraph, any confidentiality is waived unless otherwise remedied, stipulated, or ordered.

**4.   INFORMATION RECEIVED IN DISCOVERY TO BE USED FOR LITIGATION PURPOSES**

All documents and information received in discovery, whether protected as Confidential Information or not protected as Confidential Information, are to be used solely for the purposes of this litigation and not for any other litigation, business or other purpose.

**5.   NOTICE OF PROTECTIVE ORDER**

No person described in paragraph 2(a), (e), or (i) above may be given access to Confidential Information unless the following procedures are first followed.  Counsel who seeks to disclose Confidential Information shall advise the person of the existence of and provide a copy of this Protective Order, and the person must agree to be bound by the restrictions contained herein in writing, in the form attached hereto as **Exhibit A**.

If counsel seeks to disclose Confidential Information during a deposition or trial to a person not otherwise entitled to have access to such material, counsel must inform the person orally on the record of the existence of this Protective Order and the person receiving the Confidential Information must agree orally on the record to be bound by all the provisions of the Protective Order.

If Confidential Information is disclosed to any person not entitled to such Confidential Information, or in any manner not authorized in this Protective Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, and (without prejudice to the other rights and remedies of the designating party) shall make every effort to prevent further disclosure by it or by the person who received such Confidential Information.

## CHALLENGE TO DESIGNATIONS

### 6.     NOTIFICATION AND CHALLENGE

If any of the parties challenges the confidentiality of any Confidential Information, the party shall provide written notice of its challenge and the parties shall meet and confer via telephone in good faith, within seven (7) calendar days of the notice, to attempt to resolve the dispute. If the parties are unable to resolve the dispute, the party challenging the confidentiality designation may seek appropriate relief from the Court. The party claiming confidentiality will have the burden of proving that the challenged confidentiality designation is appropriate under the circumstances. All interested parties will use their best efforts to resolve such disagreements as to confidentiality before submitting them to the Court.

### 7.     EFFECT ON RESTRICTIONS

If a motion challenging a confidentiality designation is filed, the provisions of the Protective Order will apply to the Confidential Information until the Court decides the motion.

## OTHER PROVISIONS

### 8.     FILING UNDER SEAL

Any party seeking to file any documents with the Court that contain, attach, or refer to Confidential Information shall file such document under seal pursuant to this Order, the Court's rules and filing procedures. Any court hearing or proceeding in which Confidential Information is submitted shall, in the Court's discretion, be held *in camera*.

### 9.     THIRD-PARTY DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS

Any third party providing deposition testimony or producing documents or things for use in this action may designate such information, documents or things as "Confidential" and avail itself of all provisions of this Protective Order to the same extent as a party to this action.

## 10. RETURN OF DOCUMENTS

Within sixty (60) days following the completion of the litigation (including appeals), the original and all copies of documents containing Confidential Information must either be returned to counsel for the producing party or be destroyed. Outside litigation counsel for each party may keep for archival purposes one complete set of pleadings, discovery requests, responses to interrogatories and requests for admission, correspondence, expert reports, deposition and trial transcripts, and exhibits that contain Confidential Information. The non-producing parties must provide to counsel for the producing party a certification reflecting such disposition. The parties and their counsel will not be required to return any document that contains their privileged communications or attorney work product, but, if such documents are not returned or destroyed, must continue to comply with the requirements of this Protective Order.

## 11. SCOPE OF PROTECTIVE ORDER

Nothing in this Protective Order restricts the parties from using or disclosing their own Confidential Information for any purpose. Such disclosure, if done under conditions of confidentiality, shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of it. The restrictions and limitations set forth in this Protective Order shall not apply to any of the following:

   a. any information or document that is in the public domain or otherwise publicly available at the time of its production or disclosure;

   b. any information or document that, after its disclosure or production, becomes publicly available through no act or omission by the receiving party, receiving party's counsel, or other person to whom disclosure was made under this Protective Order;

   c. any information or document that the receiving party or its counsel, consultant, or expert can demonstrate: (1) was already known or in the possession or control of the recipient under circumstances not imposing any obligation of confidentiality; or (2) was received from the producing party, or a third party in lawful

possession, prior to this litigation under circumstances not imposing any obligation of confidentiality.

A violation of the restrictions and limitations set forth in this Protective Order may subject those bound by it to sanctions by the Court or civil remedy for breach of contract.

The restrictions and limitations set forth in this Protective Order shall survive the termination of the litigation between the parties and shall be binding on the parties, their agents, successors, heirs, assigns, subsidiaries, employees, and other persons or organizations over which they have control.

**12.    ADMISSIBILITY AT TRIAL; NON-WAIVER OF OBJECTIONS OR PRIVILEGES**

Nothing in this Protective Order affects, in any way, the admissibility of any documents, testimony, or other evidence at trial, or restricts the use of information at any pre-trial hearing or at trial. Any party who intends to use Confidential Information at any pre-trial hearing or at trial shall give the producing party reasonable notice of the intention to use such material so that the producing party has a reasonable opportunity to request that such material be filed under seal in accordance with paragraph 8 and/or any other applicable court rules and procedures.

Notwithstanding the foregoing provisions, by making any Confidential Information available during the course of this litigation, the parties do not waive any trade secrets or other confidential protection that might otherwise be afforded to those materials. Furthermore, by designating any discovery material(s) "Confidential," the parties do not acknowledge that any such discovery material is relevant or discoverable in this action.

If a party produces any document(s), material(s), or information that it believes is immune from discovery pursuant to attorney-client privilege, attorney work-product immunity, or any other privilege or immunity, such production shall not be deemed a waiver, and the party who produced the document(s), material(s), or information may give written notice and request return of the document(s), material(s), or information. Upon receipt of written notice, the receiving party shall immediately undertake to collect the

original and all copies of the document(s), material(s) or information and immediately return them to the producing party. Return of such document(s), material(s) or information shall not preclude the receiving party from moving to compel production of the returned item(s) on grounds other than waiver by the prior production.

All parties participated in the drafting of this Protective Order and it shall not be interpreted against any party.

### 13.   APPLICATION TO COURT

This Protective Order shall not preclude any party from seeking further relief or protective orders from the Court under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or any other statute, rule, or authority. This Protective Order is without prejudice to the right of any party to apply to the Court for an order permitting the disclosure of any Confidential Information or to apply for an order modifying or limiting this Protective Order in any respect, provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

**EXHIBIT A**

I hereby acknowledge that I understand Confidential Information will be provided to me by counsel, pursuant to the terms and restrictions of the Protective Order entered by the United States District Court for the District of Arizona in the above-captioned case.

I further certify that:

1. My full name and address are _____;
2. My present employer is _____;
3. My present employer's address is _____; and
4. My present occupation and/or job title is _____.

I further certify that I have received a copy of the Protective Order; I have read it; and I understand its terms. I hereby agree to fully comply with the Protective Order, and all of its terms and restrictions shall apply to me. I further agree to subject myself to the jurisdiction of the Court for the purposes of enforcing the terms and restrictions of the Order. I understand that Confidential Material, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this case, any Confidential Material obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court.

Upon the termination of this action, or sooner if so requested, I must return to counsel all Confidential Material in my possession, control, or custody, including all copies and excerpts thereof.

I understand that violation of the Protective Order may be punishable by contempt of Court. I declare under penalty of perjury, under the laws of the State of Arizona, that the foregoing is true and correct.

EXECUTED this ____ day of _____, 20___.

_____      _____
(Signature)                                                  (Print Name)