**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justine Hurry, et al., | No. CV-18-01105-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| S&P Global Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the parties' motion for a stipulated to protective order (Doc. 22). The protective order seeks to protect "Confidential Information" (Doc. 22-1 at 2) which the parties define two different ways. In their stipulation, the parties define confidential information as materials that are "private, confidential, trade secret, commercially-sensitive and/or proprietary in nature." (Doc. 22 at 1-2). In their proposed protective order, the parties define confidential information as "sensitive editorial or commercial information, proprietary information, and/or other information treated as confidential by that party in its business operations." (Doc. 22-1 at 2). Either definition is too broad to justify protection.

Specifically, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result**

**if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party to requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Because the parties have filed to make the showing required to qualify for a protective order,

**IT IS ORDERED** that the motion for protective order (Doc. 22) is denied, without prejudice.

Dated this 12th day of July, 2018.

James A. Teilborg
Senior United States District Judge